UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:09-290-KKC

STEPHEN HILL and PAMELA HILL, PLAINTIFFS,

v. **OPINION AND ORDER**

LIBERTY MUTUAL INSURANCE COMPANY, DEFENDANT.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion for Summary Judgment (DE 10) filed by the Defendant Liberty Mutual Fire Insurance Company.[1] For the following reasons, the Court will DENY the motion.

## I. FACTS.

The issue in this case is whether the Plaintiffs should recover $500,000 under the Underinsured Motorist ("UIM") coverage of their insurance policy with Liberty or whether they are entitled to recover only half that amount.

Liberty issued an automobile insurance policy to the Plaintiffs that covered a Toyota Rav4 and a Toyota Camry. Both Plaintiffs – Stephen and Pamela Hill – are insured under the policy. Liberty charged separate liability premiums for each of the vehicles but charged only a single premium of $146 for UIM coverage. (DE 1, Policy, Declarations, CM-ECF pp. 9-11).

While the Liberty policy was in effect, Plaintiff Stephen Hill was in a car wreck and was injured as a result. The Plaintiffs settled their negligence claims against the driver of the other vehicle who was insured by Safe Auto with a liability limit of $25,000. (DE 1, Complaint, ¶ 7).

---

[1] The Defendant asserts that the Complaint incorrectly names it as Liberty Mutual Insurance Company.

The Plaintiffs assert that Stephen's damages exceed the coverage available under the Safe Auto policy and, thus, they are entitled to a payment under their UIM coverage with Liberty.

Liberty does not dispute that the Plaintiffs are entitled to payment under the UIM coverage but asserts that the Plaintiffs are entitled to only $250,000 under the per-person liability limits of the UIM coverage. The Plaintiffs assert that they are entitled to twice that amount because they insured two cars under the policy and had a reasonable expectation that the liability limits for each vehicle could be aggregated or "stacked."

## II. ANALYSIS.

Pursuant to Kentucky law, in construing an insurance policy, this Court must consider the "entirety of its terms and conditions. . ." KRS § 304.14-360. A policy is ambiguous if it is "susceptible to two (2) or more reasonable interpretations." *True v. Raines*, 99 S.W.3d 439, 443 (Ky. 2003). If the policy is ambiguous, then ambiguities must be resolved "in favor of the insured's reasonable expectation." *Id*. However, the doctrine of reasonable expectations "applies only to policies with ambiguous terms." *Id*.

Accordingly, the first issue for the Court is whether the policy is ambiguous. Liberty points out that the UIM Coverage Endorsement of the policy contains the following language:

> The limit of liability shown in the Schedule for this coverage is our maximum limit of liability for all damages resulting from any one accident. This is the most we will pay regardless of the number of:
>
> 1. "Insureds";
> 2. Claims made;
> 3. *Vehicles or premiums show in the Schedule or in the Declarations*; or
> 4. Vehicles involved in the accident.

(DE 1, Policy, UIM Coverage Endorsement, CM-ECF p. 56)(emphasis added).

In *Marcum v. Rice*, 987 S.W.2d 789 (Ky. 1999), the Kentucky Supreme Court determined that

2

this precise language unambiguously provided that the policyholder received "only a single recovery of UIM coverage per person regardless of the number of vehicles insured." *Id*. at 790. Thus, if this were the only relevant language in the policy, then the Court could not find that the policy could reasonably be interpreted to provide that the Plaintiffs are entitled to recover the UIM limits for each vehicle insured under the policy.

But, this is not the only relevant language in the policy. A document titled "Amendment of Policy Provisions – Kentucky" is also attached the policy. It explicitly states that the "Limit of Liability Provision" of the UIM Coverage endorsement relied upon by Liberty is **"replaced"** by the following:

> If "bodily injury" is sustained in an accident by you or any "family member," our maximum limit of liability for **all damages** in any such accident is the **sum of the limits of liability** for Underinsured Motorist Coverage shown in the Schedule or Declarations **applicable to each vehicle**.

(DE 1, Policy, at CM-ECF p. 35)(emphasis added).

Liberty does address this language at all. Other courts have interpreted this precise language to unambiguously permit stacking – aggregating the sum of the limits of liability on each insured vehicle. *See, e.g.*, *Federal Kemper Ins. Co. v. Sosdorf*, 770 F.Supp. 264, 265, 267 (E.D. Pa. 1991); *Crum & Forster Personal Ins. v. Taylor*, Civ.No. 90-6385, 1991 WL 16549, at * 1 -2 (E.D. Pa. 1991). However, the Court cannot find that this language unambiguously permits stacking in this case because the Amendment also contains the same anti-stacking language as the UIM Coverage endorsement and the policy at issue in *Marcum*.

Further, it is not clear in this case what the provision means when it directs stacking the limits of liability for UIM coverage "applicable to each vehicle." UIM coverage is "deemed personal under Kentucky law, meaning that it runs with the insured, not with any particular vehicle." *Atlantic Mutual Ins. Co. v. Yates*, Civ. No. 3:07-CV-250-H, 2010 WL 890182, at * 2 (W.D. Ky. March 9, 2010).

3

To further complicate matters, the policy also includes a document titled "Split Underinsured Motorists Limits" which also purports to replace "the Limit of Liability provision for Underinsured Motorists Coverage." This document contains stacking language, directing that Liberty's maximum limit of liability for all damages sustained by any one person in any one accident is the *sum* of the limits shown in the Declarations for each person and that the maximum limit of liability for all damages in any one accident is the *sum* of the limits of liability shown in the Declaration. But, the Split UIM provision also contains the *Marcum* anti-stacking language.

Liberty does not explain how the Court should reconcile the stacking and anti-stacking language contained in the policy. It completely ignores the language of the Amendment of Policy Provisions and argues that the Split Underinsured Motorist Limits provision does not apply even though it was attached to the Plaintiffs' policy. The Court is unable to resolve the meaning of this language. Whether the Split UIM Limits provision applies or not, the policy is ambiguous with regard to the UIM coverage limits.

Accordingly, the Court must apply the doctrine of reasonable expectations to determine if the Plaintiffs could have reasonably expected that their UIM liability limits should be stacked in accordance with the number of vehicles insured under the policy. Liberty seems to argue that the reasonable expectations analysis should start and stop with how the premium was charged and that the stacking language is irrelevant in determining whether the Plaintiffs reasonably expected that their UIM coverage could be stacked.

It is true that in *Swartz*, the Kentucky Court of Appeals stated that the insured's reasonable expectations should be decided "on the basis of an objective analysis of separate policy items and the premiums charged for each." 949 S.W. 2d at 75. "[T]he deciding factor is not what the individual insured knew, read, or expected, but what he or she actually paid for UIM coverage and the manner in which the insurance company calculated and billed the premium." *Id.*; *See also Marcum*, 987 S.W.2d

4

at 791 (citing *Swartz*, 949 S.W.2d at 75).

But the Court does not read *Swartz* to hold that, in determining whether an insured reasonably expected that he could stack UIM coverage limits per vehicle insured, language in the insurance policy that directs such stacking should be ignored. In *Swartz*, the court held that, if the insured pays for more than one unit of UIM coverage, he can, as a matter of law, reasonably expect to stack coverage even if the policy provides otherwise. 949 S.W. 2d at 77. In other words, an insured's expectation that he can stack UIM coverage per vehicle cannot be held unreasonable if he paid for multiple units of UIM coverage. The language of the policy is irrelevant to that extent.

But neither *Swartz* nor *Marcum* involved a policy that contained language that directed stacking as the policy at issue in this case does. Because the policy contains both stacking and anti-stacking language, it is certainly as reasonable for the insured to expect that stacking is permitted as it is to expect that stacking is prohibited. Given that ambiguities must be resolved "in favor of the insured's reasonable expectation," Liberty's motion will be denied.

### III. CONCLUSION.

For all these reasons, the Court hereby ORDERS that Liberty's Motion for Summary Judgment (DE 10) is DENIED.

Dated this 4th day of February, 2011.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge