UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:09-290-KKC

STEPHEN HILL and PAMELA HILL,                                           PLAINTIFFS,

v.                              **OPINION AND ORDER**

LIBERTY MUTUAL INSURANCE COMPANY,                           DEFENDANT.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the second Motion for Summary Judgment (DE 22) filed by the Defendant Liberty Mutual Fire Insurance Company.[1] For the following reasons, the Court will GRANT Liberty's motion.

The issue in this case is whether the Plaintiffs are entitled to recover $250,000 under the Underinsured Motorist ("UIM") coverage of their insurance policy with Liberty or whether they are entitled to recover that amount for both of the vehicles insured under the policy for a total of $500,000.

In a prior opinion, this Court denied Liberty's Motion for Summary Judgment which asked the Court to rule as a matter of law that the Plaintiffs were only entitled to $250,000 under the UIM coverage. In that motion, however, Liberty failed to address the relevant language in the policy and the Court determined that the policy was ambiguous. In a telephone conference, the parties agreed that Liberty could file this second Motion for Summary Judgment.

**I.     Facts.**

Liberty issued an automobile insurance policy to the Plaintiffs that covered a Toyota Rav4 and a Toyota Camry. Both Plaintiffs, Stephen and Pamela Hill, are insured under the policy. Liberty

---

[1] The Defendant asserts that the Complaint incorrectly names it as Liberty Mutual Insurance Company.

charged separate liability premiums for each of the vehicles but charged only a single premium of $146 for UIM coverage. (DE 1, CM-ECF pp. 9-11).

While the Liberty policy was in effect, Plaintiff Stephen Hill was in a car wreck and was injured as a result. The Plaintiffs settled their negligence claims against the driver of the other vehicle who was insured by Safe Auto with a liability limit of $25,000. (DE 1, Complaint, ¶ 7).

The Plaintiffs assert that Stephen's damages exceed the coverage available under the Safe Auto policy and, thus, they are entitled to a payment under their UIM coverage with Liberty.

Liberty does not dispute that the Plaintiffs are entitled to payment under the UIM coverage but asserts that the Plaintiffs are entitled to only $250,000 under the per-person liability limits of the UIM coverage. The Plaintiffs assert that they are entitled to twice that amount because they insured two cars under the policy and had a reasonable expectation that the UIM liability limits shown on the Declarations page applied to each vehicle insured under the policy and could be aggregated or "stacked."

In its first motion for summary judgment, in arguing that the policy unambiguously provided that the Plaintiffs were only entitled to $250,000, Liberty Mutual focused on the fact that the rate calculation formula it used to calculate the UIM premium did not take into account the number of vehicles listed on the policy. Thus, it argued that, under Kentucky law, the Hills could not reasonably expect to receive the liability limits for each vehicle insured under the policy but could only reasonably expect the single liability limit of $250,000.

The only language in the policy that Liberty mentioned was an endorsement to the policy called "Underinsured Motorists Coverage" ("UIM Coverage Endorsement"). The problem, however, was that there was an amendment to the policy (the "Kentucky Amendment") that explicitly provided that it replaced the liability limits in the UIM Coverage Endorsement and the amendment contained

language that had been interpreted by other courts to unambiguously permit stacking. There was also an endorsement attached to the policy called "Split Underinsured Motorist Limits" ("Split UIM Limits Endorsement") which also contained language that appeared to permit stacking.

Liberty did not mention the Kentucky Amendment in either its motion or reply brief on its initial Motion for Summary Judgment. As to the Split UIM Limits Endorsement, Liberty argued that it did not apply because the Plaintiffs had not purchased split UIM coverage. In its second Motion for Summary Judgment, Liberty not only mentions the Kentucky Amendment but argues it is "controlling" on the issue before the Court. It also concedes that it misstated in its reply brief on its initial motion that the Plaintiffs did not purchase split-UIM coverage.

In its initial motion, Liberty focused on the fact that the premium it charged the Plaintiffs for UIM coverage was not based on the number of vehicles insured and on Kentucky law holding that an insured can reasonably expect to receive what he paid for. Liberty argued that, pursuant to that law, the Plaintiffs could not reasonably expect that they were entitled to the UIM liability limits for each insured vehicle because the UIM premium they paid was not based on the number of insured vehicles.

The Court recognized this law but determined that the policy language was still relevant. If the policy permitted stacking of UIM coverage limits on the basis of the number of vehicles insured, then it would seem the Plaintiffs could reasonably expect that the liability limits would be stacked no matter how Liberty calculated their UIM premium.

Without any input from Liberty as to how the "stacking" language in the policy could be reconciled with the anti-stacking language in the UIM Endorsement, the Court found the policy to be ambiguous on the issue of whether the Plaintiffs were entitled to the UIM liability limit of $250,000 or whether they were entitled to that amount for each vehicle insured under the policy. In a telephone conference after the Court entered its order denying Liberty's Motion for Summary Judgment both

parties agreed that Liberty could file a second Motion for Summary Judgment which would address the policy language.

**II.     Analysis.**

In its second Motion for Summary Judgment, Liberty argues that the only language in the policy that is relevant to the issue before the Court is the Kentucky Amendment.

It is clear that the Limit of Liability provision of the Kentucky Amendment replaced the Limit of Liability provision of the UIM Coverage Endorsement. The amendment states that explicitly. (DE 23, Ex. 1, CM-ECF p. 27.) It is less clear whether the Split UIM Limits Endorsement has been replaced. But, whether the Kentucky Amendment or the Split UIM Limits Endorsement controls this issue, the outcome is the same because neither can be reasonably read to provide that the Plaintiffs are entitled to double the UIM limits of liability shown on the Declarations page.

Both the Kentucky Amendment and the Split UIM Limits Endorsement point to the Declarations page to determine the limits of liability for UIM Coverage. The Kentucky Amendment states that Liberty's maximum limit of liability for UIM Coverage for all damages in an accident is "the sum of the limits of liability for Underinsured Motorists Coverage shown in the . . . Declarations applicable to each vehicle." (DE 23, Ex. 1, CM-ECF p. 27.) The Split UIM Limits Endorsement states that Liberty's maximum limit of liability for all damages "sustained by any one person . . . in any. . . accident is the sum of the limits of liability shown . . . in the Declarations for each person . . . ." (DE 1, Ex. 2, CM-ECF p. 46.)

The Declarations page makes clear that the Plaintiffs purchased UIM Coverage on only one of the insured vehicles. That page states, in relevant part:

| Coverages and Limits Under Your Auto Policy: | | Coverage is Provided where A Premium is Shown For the Coverage |
|---|---|---|
| Underinsured Motorists Bodily Injury | $250,000 Each Person $500,000 Each Accident | $146 |

(DE 23, Ex. 1, CM-ECF p. 1).

The Declarations page provides that "Coverage is Provided where a Premium is Shown for the Coverage." A UIM premium is only shown under "Veh 1." Thus, it is clear that the Plaintiffs purchased UIM coverage on only one of the two vehicles covered under the policy.

Further, there would have been no reason for the Plaintiffs to purchase UIM coverage on both vehicles insured under the policy. UIM coverage is "deemed personal under Kentucky law, meaning that it runs with the insured, not with any particular vehicle." *Atlantic Mutual Ins. Co. v. Yates*, Civ. No. 3:07-CV-25-H, 2010 WL 890182, at *2 (W.D. Ky. March 9, 2010). *See also Pennington v. State Farm Mutual Automobile Ins. Co.*, 553 F.3d 447, 449, 451 (6th Cir. 2009) (stating that the insureds purchased UIM coverage on only one of the insured vehicles but that it covers all insureds no matter what vehicle they are in or whether they are even in a vehicle).

Because the Plaintiffs purchased only one unit of UIM coverage on a single vehicle, there is only one limit of liability for UIM coverage under the policy. That is the limit of liability for UIM coverage shown on the Declarations page for Veh 1: $250,000 Each Person and $500,000 Each Accident.

The policy language could certainly be clearer. The Kentucky Amendment and the Split UIM Limits Endorsement both direct that Liberty's maximum liability is the "*sum* of the limits of liability" shown in the Declarations. The term "sum" indicates that that there are multiple limits of liability to add to determine Liberty's maximum liability. But even if the policy language does indicate that limits of liability should be added or stacked, here there is only one limit of liability because the Plaintiffs purchased only one unit of UIM coverage on "Veh 1." There are no other liability limits to aggregate or to stack. Thus, Liberty's limit of liability is $250,000 per person.

If the policy is ambiguous, the ambiguities must be resolved "in favor of the insured's

reasonable expectations." *True v. Raines*, 99 S.W.3d 439, 443 (Ky. 2003). An insured's reasonable expectations should be decided "on the basis of an objective analysis of separate policy items and the premiums charged for each." *Swartz v. Metropolitan Property & Casualty Co.*, 949 S.W.2d 72, 75 (Ky. App. 1997). "[T]he deciding factor is not what the individual insured knew, read, or expected, but what he or she actually paid for UIM coverage and the manner in which the insurance company calculated and billed the premium." *Id*. *See also Marcum v. Rice*, 987 S.W.2d 789, 791 (Ky. 1999) (citing *Swartz*, 949 S.W.2d at 75).

While the Court does not interpret these cases to hold that the policy language is irrelevant in determining whether liability limits should be stacked for each of the insured vehicles, in this case, the Declarations page makes clear that the Plaintiffs purchased UIM Coverage on only one vehicle. Given that fact and the fact that the Plaintiffs paid only one premium for UIM Coverage that was not based on the number of vehicles insured, the Court cannot find that the Plaintiffs could "reasonably expect" that they were entitled to the $250,000 per-person liability limit for each of the cars insured under the policy. Instead, their only reasonable expectation is that they should receive the liability limits for the one unit of UIM coverage they purchased.

### III. CONCLUSION.

For all these reasons, the Court hereby ORDERS as follows:

1) Liberty's Renewed Motion for Summary Judgment (DE 22) is GRANTED;

2) The Court's Opinion and Order dated February 4, 2011 (DE 13) is VACATED; and

3) Liberty's Motion for Oral Argument (DE 25) is DENIED.

Dated this 9th day of August, 2012.



Signed By:
*Karen K. Caldwell*
United States District Judge